[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE
This case arises out of a one vehicle accident in which plaintiffs' decedent, A. Boyd Hinds, Jr. and defendant's decedent, Wendy P. Hinds, were killed. The accident occurred CT Page 4220 in the state of Vermont. The complaint alleges that the plaintiffs are the duly appointed co-executors of the estate of A. Boyd Hinds, Jr. and are residences of Connecticut. It further alleges that the defendant is the duly appointed executor of the estate of Wendy P. Hinds, and is a resident of Connecticut. The essential allegation incorporated into each of the complaint's four counts is that A. Boyd Hinds, Jr. died as a result of the negligence of Wendy P. Hinds, who allegedly was driving the car when the accident occurred.
The first count alleges a wrongful death claim pursuant to Title 14, Sections 1453, 1491 and 1492 of the Vermont Statutes Annotated. The second count alleges a wrongful death claim pursuant to Conn. Gen. Stats. 52-555. The third count is brought pursuant to Chapter 229, Sections 1 and 2 of the Annotated Laws of Massachusetts. The fourth count alleges a claim for conscious pain and suffering under Massachusetts law, apparently pursuant to Chapter 229, Section 6, although the count does not state this.
The defendant moves to strike Counts Two, Three and Four on two grounds. The first grounds is that they are legally insufficient because they rely on the laws of Connecticut and Massachusetts, whereas the law of Vermont controls, as pled in the first count. The second ground is that these counts are legally insufficient because the summons names plaintiffs only in their individual capacities, while the laws of Connecticut and Massachusetts, if applicable, require wrongful death actions to be brought by executors or administrators.
A motion to strike challenges the sufficiency of the facts as pleaded to state a cause of action. All well pleaded facts and facts necessarily implied by the allegations are accepted as proved. The court must construe the allegations in a manner most favorable to the plaintiff. Amodio v. Cunningham, 182 Conn. 80 (1980). The defendants motion in this case challenges the sufficiency of the facts alleged to state causes of action under Connecticut and Massachusetts tort law, that is, at the outset, whether the laws of those states should determine the rights and obligations of the parties.
This state has long followed the rule that the law of the state where the injury occurred determines those rights and obligations, the lex locus delicti. O'Connor v. O'Connor,201 Conn. 632 (1986). However the court in that case held that a more modern choice of law approach, promulgated by the Restatement Second of Conflict of Laws, should be utilized when the doctrine of lex loci delicti would produce "an arbitrary, irrational result." Id. 650. In the O'Connor case, both plaintiff and defendant were residents of Connecticut who were CT Page 4221 involved in an accident in Quebec while on a one day pleasure trip there. Quebec law barred any action in tort, providing instead a program of government funded compensation or accident victims. The court held that the province of Quebec had no interest in applying its tort law to the action since the tortfeasor and the victim were residents of Connecticut and their presence in Quebec when the accident occurred was purely fortuitous. Accordingly, the court found that; it would be arbitrary and irrational to apply Quebec law to determine the rights and obligations of the parties. In the instant case, there are no allegations in the complaint, and thus no facts or the court to consider, as to the residence of the tortfeasor and the victim or as to) the circumstances of their presence in Vermont at the time of the accident. Nor are there any allegations from which the court could reasonably infer . . . such facts. The only facts alleged in the complaint which are relevant to a choice of law analysis under the rule of O'Connor v. O'Connor are the residences of the plaintiffs and defendant in Connecticut and the place of the accident in Vermont. But the plaintiffs and defendant appear only in their representative capacities in the Connecticut and Massachusetts counts. Although they reside in Connecticut, they were not involved in the accident in any way. Their connection to Connecticut is significantly different, therefore, from that of the parties in the O'Connor case. With respect to the Massachusetts count, no facts are alleged which would invoke that state's tort law. On the basis of facts set forth in the complaint, there is no more reason for suing under Massachusetts law than or suing under, say, the law of Texas. And the residences of the executors of the estates of the parties, standing alone, affords little more reason for suing in Connecticut. In short, this court, unlike the court in O'Connor v. O'Connor, has no facts from which it can conclude that application of the doctrine of lex locus delicti would produce an arbitrary and irrational result. Therefore, under the rule of that case, the doctrine applies. It follows that the plaintiffs have not alleged facts sufficient to state causes of action under Connecticut and Massachusetts law.
The second ground urged by the defendant for striking the Massachusetts and Connecticut counts is that the summons identifies the plaintiffs as individuals rather than in their capacities as executors of the estates concerned. Counsel for both parties have also addressed the question whether this circumstance should instead be the subject of a motion to dismiss. In the court's view, the omission is of slight significance and is not per se sufficient basic for a motion to strike or to dismiss. Wrongful death actions in Connecticut and Massachusetts may be brought only by executors or administrators. In the instant case, the plaintiffs are CT Page 4222 identified as executors in the caption of the complaint and the complaint contains specific allegations as to their official appointment. In Chestnut Realty, Inc. v. CHIRO, 201 Conn. 350
(1986); the court held that a summons is sufficient so long as it "clearly apprises all concerned that a lawsuit is being instituted, and contains notice of the return date, and the requirement for filing an appearance, and also directs a competent authority to summon the defendant." The summons and complaint in combination sufficiently identify the plaintiffs in their representative capacities so as to withstand the defendant's challenge on that around. See also Conn. Gen. Stats. 52-123.
Because the second, third and fourth counts of the complaint do not allege facts showing that application of the law of Vermont, where the accident occurred would produce an arbitrary and irrational result, the law of that state does determine the rights and obligations of the parties under the doctrine of lex locus delicti. Accordingly, those counts, which invoke the laws of other states, must be stricken. The defendant's motion is granted.
MALONEY, J.